UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Edwan S. Thurmond,<br><br>    Plaintiff,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>    Defendant. | Case No. 2:24-cv-00252-APG-DJA<br><br>**Order** |

Before the Court is *pro se* Plaintiff Edwan S. Thurmond's motion to compel (ECF No. 54) and motion for protective order (ECF No. 59). The Court denies these motions for the reasons outlined below.

I.   **Plaintiff's motion to compel.**

Plaintiff moves to compel Defendant to respond to Plaintiff's requests for admission and interrogatories. (ECF No. 54). However, Plaintiff references certain requests for production—not requests for admission or interrogatories—in his motion. (*Id.* at 4-5). He also states that he attempted to meet and confer with Defendant prior to bringing this motion. (*Id.*). Plaintiff does not explain when he served his discovery requests, nor does he provide Defendant's answers, simply stating that "the defendant provided evasive responses." (*Id.* at 1).

Defendant responds and argues that Plaintiff has not propounded any requests for production on Defendant that are proper for motion practice. (ECF No. 55). Defendant points out that, on August 9, 2024, Plaintiff filed a document titled "Demand for the Production of Documents" which sought "this [C]ourt's intervention in the Discovery Process to force Defendant to produce the below-listed requested documents…" (*Id.* at 2) (citing ECF No. 52). The Court struck this document. (ECF No. 53). But Plaintiff filed his motion to compel one week later on August 16, 2024. (*Id.*) (citing ECF No. 54). Defendant also points out that Plaintiff served his first set of requests for production on Defendant on August 16, 2024, but Defendant's

responses were not due until September 18, 2024. (*Id.*). Defendant adds that Plaintiff failed to meet and confer before bringing his motion. (*Id.*). Defendant points out that Plaintiff did propound interrogatories and requests for admission on Defendant, but that Defendant responded and Plaintiff does not reference these discovery requests in his motion. (*Id.* at 3). Because of these shortcomings, Defendant asks that that the Court deny Plaintiff's motion and grant Defendant sanctions in the form of its attorneys' fees. (*Id.*). Plaintiff did not file a reply.

Given Defendant's arguments and Plaintiff's lack of a reply, it appears to the Court that Plaintiff has not properly brought his motion. This is particularly true because Plaintiff did not follow Local Rule 26-6 in bringing it. Plaintiff fails to "set forth in full the text of the discovery originally sought and any response to it." LR 26-6(b). The Court thus denies Plaintiff's motion to compel. However, the Court declines to issue sanctions at this time. Plaintiff is proceeding *pro se*, so the Court finds the imposition of sanctions at this point to be unjust. *See* Fed. R. Civ. P. 37(a)(5)(B). However, Plaintiff is warned that his continued failures to abide by discovery rules may result in the imposition of sanctions.

## II.     Plaintiff's motion for protective order.

Plaintiff moves for a protective order to prevent him from sitting for his own deposition. (ECF No. 59). Plaintiff claims that he received a notice of deposition from Defendant on August 29, 2024, requiring Plaintiff to appear for a deposition via videoconference on September 9, 2024 at 10:00 am. (*Id.* at 3). Plaintiff argues that the deposition notice did not give him time to "respond" and that his deposition is irrelevant and overbroad. (*Id.*). Plaintiff claims that "all of the relevant information and evidence required to decide this case is in the Defendant's possession, and[/]or were filed with the Court," arguing that his deposition is thus unnecessary. (*Id.* at 5). Plaintiff further demands that Defendant "produce the evidence in support of their actions, claims, and statements…" (*Id.* at 7).

///

///

///

Plaintiff has provided no legitimate argument justifying a protective order in either his motion or his reply in support of his motion. (ECF Nos. 59, 62).[1] Plaintiff has not demonstrated that his deposition is irrelevant or that a protective order is warranted under Federal Rule of Civil Procedure 26(c). The Court denies Plaintiff's motion for protective order.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel (ECF No. 54) and motion for protective order (ECF No. 59) are **denied.**

DATED: September 19, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff also filed a document titled "Plaintiff Request for Judicial Notice" in which he asks the Court to take judicial notice of certain documents that he filed in his other cases. (ECF No. 63). The Court does not find these documents necessary to its decision here and exercises its discretion to decline to take judicial notice of them. *See U.S. v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008) (explaining that the appellate court reviews the district court's decision to take judicial notice for abuse of discretion).