UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWAN S. THURMOND,<br><br>   Plaintiff<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>   Defendant | Case No.: 2:24-cv-00252-APG-DJA<br><br>**Order Granting Defendant's Motion to Dismiss, Denying Plaintiff's Motion for Declaratory Judgment and Sanctions, and Granting Plaintiff's Motion to Amend**<br><br>[ECF Nos. 14, 34, 37] |

Pro se plaintiff Edwan Thurmond sues Wells Fargo Bank, N.A. alleging that it unlawfully seized funds Thurmond deposited by check in his Wells Fargo account and falsely told Thurmond that the Department of Treasury had declared the check fraudulent. Thurmond brings claims for larceny, constructive fraud, and fraud. Wells Fargo moves to dismiss Thurmond's complaint for failing to state a valid claim. Thurmond moves to amend his complaint. He also moves for declaratory judgment and sanctions against Wells Fargo. Because Thurmond's complaint fails to plausibly allege all elements of his claims, I grant Wells Fargo's motion to dismiss. Because it is possible that Thurmond could amend to state a claim, I grant Thurmond leave to amend. I deny Thurmond's motion for declaratory judgment and sanctions because I dismiss his complaint and he does not identify a valid basis for sanctions.

**I. BACKGROUND**

Thurmond deposited a $1,215,112.44 check from the United States Treasury at a Wells Fargo branch on October 17, 2023, into an account bearing the name "Edwan Shando Thurmond Trust." ECF No. 1 at 5, 27. Wells Fargo accepted the check, but the following day it informed Thurmond by phone that he could not deposit the check into the trust account. *Id.* at 6. Wells Fargo offered to instead deposit the funds into Thurmond's joint non-trust account. *Id.*

Thurmond was initially able to access the funds and transfer them between his accounts. *Id.* He also initiated a wire transfer to a third party's account at another bank, which he later attempted to cancel. *Id.*

On November 21, Wells Fargo sent a letter to Thurmond informing him that it had reviewed its account relationship with Thurmond and decided to close his accounts. *Id.* at 34. Thurmond had several phone conversations with Wells Fargo employees, who told Thurmond that Wells Fargo was closing the accounts and would mail him checks for the balance of each account. *Id.* at 6. Thurmond filed a complaint with the Consumer Financial Protection Bureau (CFPB) on December 1. *Id.* at 35-38. In response to that complaint, Wells Fargo sent Thurmond a letter on December 29 explaining that the U.S. Treasury alerted Wells Fargo that Thurmond's deposited check was fraudulent, and that Wells Fargo placed holds on the accounts to return the funds to the Internal Revenue Service (IRS). *Id.* at 39. This letter indicated that "[t]he funds remaining in the accounts at the time of closure were mailed to the IRS." *Id.* After additional demands, Wells Fargo sent Thurmond two letters on January 23, 2024, indicating that they were holding the remaining balance of approximately $288,000 because the IRS may claim the money in the accounts. *Id.* at 6-7, 41-42, 58.

Thurmond alleges that he remains entitled to the money held in the Wells Fargo accounts as well as $575,000 from the cancelled wire transfer, which is being held by the receiving bank pending action by Wells Fargo. *Id.* at 6-7. Thurmond further alleges that the check was honored by the United States Treasury, and Wells Fargo's assertions that the check was fraudulent and Wells Fargo was holding the funds for the IRS are false statements to "deceive [Thurmond] to steal his funds." *Id.* at 9-10. Thurmond claims that Wells Fargo's actions damaged his credit due

to him having to make late payments on mortgages, damaged his personal and business relationships, and led to lost investment opportunities and emotional damages. *Id.* at 11.

## II. DISCUSSION

### A. Wells Fargo's Motion to Dismiss

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Wells Fargo argues that all three of Thurmond's claims fail to meet this standard.

#### 1. Larceny

Wells Fargo argues that Thurmond's claim for larceny should be dismissed because the letters from Wells Fargo attached to the complaint absolve Wells Fargo of any wrongdoing and because Thurmond attempts to bring a civil claim under a criminal larceny statute. Thurmond requests leave to amend his complaint and proposes adding a different criminal statute aimed at theft, embezzlement, or misapplication by a bank officer or employee.

Thurmond's complaint cites to 10 U.S.C. § 921 to define larceny and wrongful appropriation. ECF No. 1 at 8. Title 10 of the United States Code covers the armed forces of the

United States generally and the criminal portion applies only to current and former members of the armed forces as defined by 10 U.S.C. § 802.  His proposed amendment cites 18 U.S.C. § 656, another criminal statute directed at theft and embezzlement by "an officer, director, agent or employee of" a banking entity.  The Supreme Court "has rarely implied a private right of action under a criminal statute, and where it has done so there was at least a statutory basis for inferring" one. *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020) (quotation omitted).  The criminal statutes Thurmond cites have no statutory basis for a private right of action. *See Adams v. Speedy Recovery Inc.*, No. 2:23-cv-00251-GMN-BNW, 2023 WL 3182666, at *2 (D. Nev. Apr. 28, 2023), *report and recommendation adopted*, No. 2:23-cv-00251-GMN-BNW, 2023 WL 4789241 (D. Nev. July 26, 2023) (no private right of action under 10 U.S.C. § 921); *Campbell v. M&T Bank*, No. 3:16-cv-118, 2017 WL 1091939, at *5-6 (W.D. Pa. Mar. 22, 2017) (no private right of action under 18 U.S.C. § 656).

  Based on the allegations in the complaint, it appears Thurmond is trying to assert a claim for common law conversion.  In Nevada, "conversion is sufficiently shown when an owner is deprived of their property by the wrongful act of another who assumes dominion over the property." *Blige v. Terry*, 540 P.3d 421, 431 (Nev. 2023) (en banc).  Because Thurmond cannot bring a private claim for criminal larceny, I dismiss his larceny claim but I grant him leave to amend to assert a conversion claim.  To the extent Wells Fargo contends that amendment would be futile because the letters attached to the complaint absolve Wells Fargo of any wrongdoing, Thurmond alleges the letters are misrepresentations, and I must accept that as true at this stage of the proceedings.

/ / / /

/ / / /

4

### 2. Fraud-Based Claims

Wells Fargo argues Thurmond's constructive fraud and common law fraud claims fail to meet the heightened pleading standard for fraud under Federal Rule of Civil Procedure 9(b) and the Wells Fargo letters attached to the complaint undermine Thurmond's fraud allegations. Thurmond argues that the Wells Fargo letters are themselves fraudulent and are the basis for his fraud claims.

Wells Fargo neither describes the elements of constructive fraud or common law fraud, nor explains how Thurmond failed to plausibly meet those elements. I thus could deny its motion for failing to meet its initial burden of establishing grounds for dismissal. *See* LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). But, because I grant Thurmond leave to amend, and to avoid another motion to dismiss on the same grounds, I address whether Thurmond has plausibly alleged his fraud claims with the requisite particularity.

Thurmond "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). But "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* To meet Rule 9(b)'s standard, Thurmond "must identify the who, what, when, where, and how of the misconduct charged as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (quotation omitted).

#### a. Constructive Fraud

"Constructive fraud is the breach of some legal or equitable duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive others or to violate confidence. Constructive fraud is characterized by a breach of duty arising out of a fiduciary or

confidential relationship." *Long v. Towne*, 639 P.2d 528, 529-30 (Nev. 1982) (internal citations omitted). A fiduciary relationship arises when a party "is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relationship." *Matter of Guardianship of Jones*, 539 P.3d 1178, 1185 (Nev. 2023) (simplified). Similarly, a confidential relationship "exists when one party gains the confidence of the other and purports to act or advise with the other's interests in mind; it may exist although there is no fiduciary relationship; it is particularly likely to exist when there is a family relationship or one of friendship." *Perry v. Jordan*, 900 P.2d 335, 337-38 (Nev. 1995) (quotation omitted).

Thurmond's complaint does not articulate a confidential or fiduciary relationship with Wells Fargo. Thurmond describes having several deposit accounts with Wells Fargo. *See* ECF No. 1 at 5. But Nevada has long adopted the majority view that "[t]he relation between a bank and its depositors is that of debtor and creditor." *McStay Supply Co. v. John S. Cook & Co.*, 132 P. 545, 548 (Nev. 1913); *In re Nat'l Audit Defense Network*, 332 B.R. 896, 909 n.10 (Bankr. D. Nev. 2005). A bank is therefore not a fiduciary of its depositors. *Paskenta Band of Nomlaki Indians v. Crosby*, 122 F. Supp. 3d 982, 993 (E.D. Cal. 2015). Thurmond also does not describe a confidential relationship where Wells Fargo purports to act or advise with Thurmond's interests in mind. Because a claim for constructive fraud must arise from either a fiduciary or confidential relationship, I dismiss Thurmond's claim for constructive fraud. Although it is unlikely that Thurmond will be able to plausibly allege facts to support this claim, I grant him leave to amend.

                b. Fraud

To bring a claim for fraudulent misrepresentation, Thurmond must allege (1) Wells Fargo made a false representation with either knowledge or belief that it is false; (2) Wells Fargo

intended to induce Thurmond's reliance; and (3) "damages that result from this reliance." *Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007).

Thurmond's complaint satisfies many of these elements. He alleges that Wells Fargo made false representations in its letters and phone calls claiming it was holding the funds to return to the IRS. ECF No. 1 at 9-10. Thurmond alleges that Wells Fargo never received any communication from the IRS to hold the funds, so Wells Fargo knew its statements were false. *Id.* at 10. But Thurmond does not plausibly allege how he relied on Wells Fargo's alleged misrepresentations resulting in damage. To the contrary, Thurmond describes being suspicious of Wells Fargo's letters and protesting the hold on his funds through letters, phone calls, and a complaint to the CFPB. *Id.* at 6-7, 35-38. Because Thurmond does not plausibly allege that he justifiably relied on Wells Fargo's misrepresentations and was damaged as a result, I dismiss Thurmond's fraud claim but grant him leave to amend.

### B. Thurmond's Motion for Declaratory Judgment

Thurmond filed a "Motion for Declaratory Judgment" that asks me to order Wells Fargo to reverse the external wire transfer and order sanctions against Wells Fargo and its attorneys. ECF No. 34. Wells Fargo describes the motion for declaratory judgment as asking for summary judgment or merely reiterating Thurmond's opposition to the motion to dismiss. Wells Fargo responds to the request for sanctions by noting that Thurmond does not identify what rule he relies on, and that Thurmond has not met the standard for sanctions under Federal Rules of Civil Procedure 37 or 11.

While Thurmond's motion renews his request that the motion to dismiss be denied, he also appears to seek an order requiring Wells Fargo to reverse the wire transfer. *Id.* at 3-4. Because I have dismissed Thurmond's complaint with leave to amend, I deny his motion for

declaratory judgment.  If Thurmond is able to amend to plausibly state a claim, he then can move for injunctive relief if he has a basis in law and fact to do so.

As for Thurmond's request for sanctions, he has not identified what legal basis exists to sanction Wells Fargo or its attorneys.  Thurmond asserts that if Wells Fargo cannot show that the U.S. Treasury or IRS contacted Wells Fargo and told it the check was fraudulent, then Wells Fargo's filings disputing his allegations are themselves false statements made to this court.  Whether the IRS or Treasury contacted Wells Fargo is an issue of fact that will be litigated in this case.  I therefore deny Thurmond's motion for sanctions.

### C. Thurmond's Motion to Amend

Thurmond moves to amend his complaint if it is deficient.  He submitted a proposed amended complaint, which makes additional factual allegations and adds a claim for breach of contract. ECF No. 36.  Wells Fargo opposes, arguing that amendment would be futile because Wells Fargo disputes the authenticity of Thurmond's deposited check.  But at the pleading stage, I must take as true Thurmond's allegations that his check was valid and Wells Fargo's letters were fraudulent.  "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Because it is not clear that amendment would be futile, I grant Thurmond leave to amend his complaint to cure the deficiencies I have described and add new claims.  Thurmond's proposed amendment contains many of the same deficiencies, so he must file a new amended complaint if he wishes to continue with these claims and any new ones such as his proposed breach of contract claim.

Thurmond's amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Thurmond is advised to support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. Thurmond should be aware that Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim." Thus, the amended complaint should not include lengthy repetitions of statutes and rules. *See*, *e.g.*, ECF No. 36 at 9-10. Claims that allege fraud or mistake must comply with Federal Rule of Civil Procedure 9(b) and "state with particularity the circumstances constituting fraud or mistake."

### III. CONCLUSION

I THEREFORE ORDER that Wells Fargo's motion to dismiss (**ECF No. 14**) **is GRANTED**.

I FURTHER ORDER that Thurmond's motion for declaratory judgment and sanctions (**ECF No. 34**) **is DENIED**.

I FURTHER ORDER that Thurmond's motion to amend (**ECF No. 37**) **is GRANTED to the extent I allow him to file a new amended complaint**. By October 18, 2024, Thurmond may file an amended complaint to cure the deficiencies identified in this order. If he fails to do so, this case will be dismissed without prejudice.

DATED this 30th day of September, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE