# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Edwan S. Thurmond, | Case No. 2:24-cv-00252-APG-DJA |
| Plaintiff, | |
| v. | **Order** |
| Wells Fargo Bank, N.A., | |
| Defendant. | |

Pro se Plaintiff Edwan S. Thurmond brought this action against Defendant Wells Fargo Bank, N.A. after Thurmond attempted to deposit a $1,215,112.44 check from the United States Treasury Department into his Wells Fargo checking account on October 17, 2023. (ECF No. 73 at 5-6). Thurmond alleges that Wells Fargo later blocked Thurmond's access to his accounts, closed his accounts, and held certain funds in the accounts because the U.S. Treasury Department had informed Wells Fargo that the check was fraudulent. (*Id.* at 6-8). Thurmond sues Wells Fargo for damages and injunctive relief, alleging that Wells Fargo had no basis to block, close, and freeze the funds in his accounts.

Thurmond now moves for sanctions, claiming that Wells Fargo's statements in response to one of Thurmond's motions were inflammatory and unsupported. (ECF No. 64). Wells Fargo moves for a protective order, arguing that Thurmond served an untimely and deficient deposition notice on it after the deadline for discovery closed. (ECF No. 69). The Court finds that Thurmond did not provide a legal basis for his sanction motion and, even if he did, Wells Fargo's statements are not sanctionable. So, it denies Thurmond's motion for sanctions. The Court also finds that Thurmond's deposition notice was untimely because he served it after the close of discovery. The Court grants Wells Fargo's motion for protective order on that basis.

**I.     Motion for sanctions.**

Thurmond moves the Court to issue sanctions against Wells Fargo and its attorney for "knowingly using improper, inflammatory, and disparaging defamatory hearsay statements from an incomplete case that is currently on appeal…in an attempt to bias this Court against Plaintiff." (ECF No. 64).  Thurmond asserts that Wells Fargo has mischaracterized the proceedings in another one of Thurmond's cases in an attempt to paint Thurmond in a bad light.  (*Id.*).  So, Thurmond asserts that Wells Fargo's counsel has violated the Rules of Professional Conduct. (*Id.*).

Thurmond cites only to the Rules of Professional Conduct as the basis for his sanction request.  However, as Wells Fargo points out, the Nevada Rules of Professional Conduct, while relevant in certain cases, do not create a private right of action.  *Mainor v. Nault*, 120 Nev. 750, 768 (2004) (abrogated on other grounds); *Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*, No. 3:09-cv-00422-PMP-RAM, 2010 WL 4339368, at *10 (D. Nev. Oct. 15, 2010).  Thurmond's motion instead appears to arise under Federal Rule of Civil Procedure 11.

An attorney is subject to Rule 11 sanctions when he presents to the court factual contentions that lack evidentiary support.  Fed. R. Civ. P. 11(b)(3).  Rule 11 is an "extraordinary remedy, one to be exercised with extreme caution."  *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).  However, before filing a motion for Rule 11 sanctions, the moving party must give the other party or attorney twenty-one days' notice to withdraw or correct the allegedly offending document.  Fed. R. Civ. P. 11(c)(2).  If the offending document is not withdrawn or corrected, then the moving party may file the motion with the court.  *Id.*

Here, as a preliminary matter, Thurmond did not follow the twenty-one-day safe-harbor provision of Rule 11 requiring him to provide notice to Wells Fargo regarding the allegedly offending document.  Thurmond's motion would be unsuccessful on that ground alone.  But even if the Court were to consider its merits, Thurmond's motion would still fail.

Thurmond claims that Wells Fargo included "improper, inflammatory, and disparaging defamatory hearsay statements from an incomplete case that is currently on appeal with the

Nevada Supreme Court, and a Declaratory Complaint in Federal District Court, in an attempt to bias this Court against Thurmond." (ECF No. 64 at 1). Thurmond refers to Wells Fargo's response to Thurmond's motion for a protective order. (ECF No. 60). In that motion for protective order, Thurmond asked the Court to enter an order allowing him to refrain from sitting for his own deposition, claiming that Wells Fargo's deposition notice was "abusive" and that his deposition would be "irrelevant." (ECF No. 59). In response to that motion, Wells Fargo explained that Thurmond's testimony was relevant and proportional because Wells Fargo sought to determine "how Thurmond came into possession of the counterfeit IRS check and why he believes he is entitled to those funds…It is abundantly clear that Thurmond seeks this protective order to avoid committing perjury on his testimony because of the obviously fraudulent check from the IRS." (ECF No. 60 at 2). Wells Fargo then dropped a footnote explaining

> Thurmond has a history of passing fraudulent checks and attempting to scam financial institutions. In June 2024, Marlin Mortgage Capital, LLC successfully obtained judgment against Thurmond when Thurmond presented a fraudulent $300,000 cashier's check to pay off his mortgage. See *Marlin Mortgage Capital, LLC v. Edwan S. Thurmond*, case no. 2:24-cv-01147-APG-MDC (Dist. [o]f Nev.), ECF No. 14, Ex. 21. In August 2024, [Thurmond] filed an amended complaint against another mortgage company alleging that a $50 money order satisfied his $458,019 mortgage. See *Edwan S. Thurmond v. United Wholesale Mortgage, LLC*, case no. 2:24-cv-01018-GMN-EJY (Dist. [o]f Nev.), ECF No. 1, ex. A, ECF No. 13.

(ECF No. 60 at 2-3).

Thurmond claims that, in the *Marlin* case, he has "produced substantial evidence demonstrating that the opposing party used fraudulent documents, hearsay statements, and an untrustworthy declaration to defraud Thurmond and mislead the Court." (ECF No. 64 at 2).

Both Thurmond and Wells Fargo ask the Court to take judicial notice of certain documents in the *Marlin* and *United Wholesale* cases. (ECF No. 63); (ECF No. 67). The Court does not take judicial notice of the arguments contained in those documents, but takes judicial notice of the *Marlin* and *United Wholesale* dockets and the existence of the court's judgment in the first and the existence of Thurmond's complaint in the second. *Garnica v. County of Los Angeles*, No. 2:22-cv-06900-MEMF-BFM, 2023 WL 6759360, at *5 (C.D. Cal. Oct. 10, 2023)

("courts may judicially notice 'undisputed matters of public record,' but generally may not notice 'disputed facts stated in public records.'") (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

The Court does not find that Wells Fargo has violated Rule 11 by making the statements that it did. The Court takes no position on the veracity of those statements. But it simply notes that the statements are more examples of zealous advocacy than they are sanctionable conduct. *See Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988) ("Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously."). The Court denies Thurmond's motion for sanctions.

## II. Motion for protective order.

Wells Fargo moves the Court for a protective order over Thurmond's notice of deposition. (ECF No. 69). Wells Fargo explains that Thurmond's deposition notice is insufficient, seeks the deposition of specific individuals that Wells Fargo has been unable to identify, and is untimely because discovery has closed. (ECF No. 69). Discovery closed on September 9, 2024. (ECF No. 44). Thurmond mailed his deposition notice to Wells Fargo on September 23, 2024. (ECF No. 56 at 2). In his response to Wells Fargo's motion, Thurmond asks the Court for "leniencies of his potential legal inadequacies." (ECF No. 70). However, other than referencing his pro se status, Thurmond does not explain why he waited until after the discovery deadline to serve his notice of deposition.

Because Thurmond seeks to take discovery after the deadline ended, the Court's analysis begins under Federal Rule of Civil Procedure 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). "If that party was not diligent, the inquiry should end." *Id.*

Here, Thurmond has provided no explanation why he sought discovery after the deadline to do so closed. He has not separately moved to reopen discovery and provides no explanation

regarding how or whether he has been diligent in pursuing discovery in this case. Because the Rule 16(b) standard primarily considers the diligence of the party seeking the amendment, and because Thurmond has not shown diligence here, the Court grants Wells Fargo's motion for protective order. Because the Court grants Wells Fargo's motion on Rule 16 grounds, it does not reach the other issues that Wells Fargo raised with Plaintiff's deposition notice.

**IT IS THEREFORE ORDERED** that Thurmond's motion for sanctions (ECF No. 64) is **denied.**

**IT IS FURTHER ORDERED** that Wells Fargo's motion for protective order (ECF No. 69) is **granted.**

DATED: November 1, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE